Ms. Stacey Witherell Employee Services Manager Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the possible release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 2002 Supp. 2003 Acts 2005, Nos. 259, 1994 and 2003). My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA.
As custodian of records, you report that you have been asked to produce various records relating to the operations of the Little Rock Police Department. Specifically, you have been asked to produce the following:
 1. Names, races and ages of all police officers terminated within the last three years, and substance of violations.
 2. Names, races, sex and ages of persons suspended within the last three years, and substance of allegations charged.
 3. Names, addresses, sex and races of police officers terminated for allegations similar to or the same as allegations made against a particular terminated officer.
 4. Copies of the disciplinary records of a number of particular police officers.
You report having provisionally concluded that these records are subject to disclosure so long as they relate to suspensions or terminations that have reached their final administrative resolution.
Although I have not reviewed the actual records at issue, they appear from the requestor's description to be "employee evaluations or job performance records" under the FOIA. A.C.A. § 25-19-105(c)(1). The FOIA does not define the phrase "employee evaluation or job performance records," nor have the courts found occasion to do so. The Attorney General has consistently taken the general position that documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, and letters related to promotions and demotions are "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen. Nos. 2005-094; 2001-203; 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. This office has also taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee and that detail incidents that gave rise to an allegation of misconduct should be deemed the "employee evaluation/job performance records" of that employee. See Ops. Att'y Gen. Nos. 2005-112; 2001-063; 2000-231; 2000-203; 2000-130; 1999-361; and 1999-359.
The FOIA dictates that employee evaluations be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).[1]
In my opinion, a question of fact exists regarding whether the first of these conditions has been met with respect to all four categories of requested documents. With respect to the first three categories, only you are in a position to determine whether there has been a final administrative resolution of the referenced suspensions or terminations. If there has not, you should decline to produce the documents without even considering the final two prongs of the test. With respect to the fourth category, I am unable to determine either whether the referenced "disciplinary records" relate to suspensions or terminations or whether there has been a final administrative resolution of any suspension or termination proceeding. If the answer to either inquiry is no with respect to any particular individual, you should decline to produce the records.
Not being in possession of the records at issue, I am further unable to opine whether the requested records formed a basis for any suspensions or terminations. As the custodian, you should review all the records to determine whether this prong of the test has been met.
The FOIA at no point defines the phrase "compelling public interest." However, a leading commentator on the FOIA has provided some guidelines for making the factual determination whether such an interest exists.See J. Watkins R. Peltz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004). The authors state, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 205. They further observe: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. at 204, 205. Elaborating on this point, they remark: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 207. They additionally note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 206 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). However, Professors Watkins and Peltz note that "[i]n some cases, . . . rank is unrelated to importance" — a proposition they illustrate by noting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police." Id. at 207.
The question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by you, as the custodian of the records, considering all of the relevant information on a case-by-case basis. However, in undertaking this review, I believe you should bear in mind the strong public interest in the conduct of law enforcement officers.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] This standard differs considerably from the standard applicable to "personnel records," which are exempt from disclosure under the FOIA if their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A § 25-19-105(b)(12).